22310-3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VITAL SYSTEMS, INC., | ) | |
| An Illinois Corporation | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 cv 05840 |
| | ) | |
| v. | ) | Judge Susan Johnson Coleman |
| | ) | |
| IRON MOUNTAIN, INC., | ) | Magistrate Judge Sidney I. Schenkier |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## **DEFENDANT'S RULE 26(a) DISCLOSURE STATEMENT**

Defendant, Iron Mountain, Inc. (hereinafter "Iron Mountain"), by and through its attorneys, HUCK BOUMA PC, for their Rule 26(a) Disclosure Statement, states as follows:

1. The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

**DISCLOSURE:**

The individuals listed below are believed to have first-hand knowledge of all matters raised in the pleadings and may be called upon to testify regarding all such matters:

**(A)** **Iron Mountain Employees-** The following current and former employees of Iron Mountain may be called to testify concerning the agreement between the parties, correspondence between the parties regarding same, charges and payments under the subject agreement, the destruction of the subject documents and all other matters pertaining to the relationships between the parties arising out of the subject agreement:

**Current employees**

(1) Brad Dockate;
(2) Daniel Eisele;
(3) Robyn Akin;
(4) Sarah Boruta;
(5) Scott Mortensen;
(6) Susan McCarthy;
(7) Jackie Otero;
(8) Naveen Ediga;
(9) Ramgopal Arcot;
(10) Matt Feck;
(11) James Glass;
(12) Steve Rowe; and
(13) Lesa Schultz

All current employees can be reached via counsel for Iron Mountain.

**Former Employees**

(1) Denise O'Connor;
(2) Beth Lynch; and
(3) Anthony Zakic.

The whereabouts of the former employees is presently unknown.

**(B)** **Vital Systems employees:** George Stoms, Alan Riggs. Amy Sauer, and Donna Lundberg; Jennifer Powell, Daniel Silverman and Michell Baumgartner are employees of plaintiff, Vital Systems, Inc., who have firsthand knowledge relating to the agreement between the parties, correspondence between the parties regarding same, charges and payments under the subject agreement, the destruction of the subject documents and all other matters pertaining to the relationships between the parties arising out of the subject agreement.

Defendant reserves the right to call any and all other witnesses disclosed by Vital Systems at the trial of this matter.

2. A copy or a description by category and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

**DISCLOSURE:**

The following documents are in the possession of Defendant and will be produced:

**(A)   Documents attached to the Complaint**

(1)   Iron Mountain Customer Agreement dated April 6, 2009;
(2)   Iron Mountain Access Authorization Form – Records Management dated April 6, 2009;
(3)   Email exchange dated April 9, 2010 through May 11, 2010 between Alan Rigg, Bradt Dockate and Amy Sauer regarding the initial Contract, storage of documents and the closing of Vital Systems;
(4)   Email dated January 16, 2015 between Donna Lundberg and Iron Mountain Customer Service regarding the subject destruction of documents; and
(5)   Certified mail envelope to Iron Mountain from The Miller Law Firm.

**(B)   Additional Documents**

(1)   Internal IT system documents reflection destruction of the deposits in or around December 2014;
(2)   Internal IT system documents reflecting destruction of the deposits in or around December 2014;
(3)   Email communication from Chad Zeltt to SKP Prepays dated July 21, 2010 containing a PDF of certain prepayment documents, including the Riggs Email (undercuts their allegation that we concocted this email post-destruction);
(4)   Internal worksheets and other communications related to the prepayment, as well as subsequent extensions thereto; and
(5)   Other general written communications with respect to the account, both internal and with the customer.

3.   A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying s under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

**DISCLOSURE:**

N/A. Defendant is not claiming any damages in this case.

Respectfully submitted,

By: /s/ Edward J. Sedlacek
Attorney for Defendant

Edward J. Sedlacek
ARDC Number: 6279764
Email: esedlacek@huckbouma.com
Huck Bouma, PC
1755 South Naperville Road, Suite 200
Wheaton, Illinois 60189
(630) 221-1755

# CERTIFICATE OF FILING AND SERVICE

I, Edward J. Sedlacek, certify as follows under penalty of perjury this 28th day of August, 2015:

1. I filed Defendant's Rule 26(a) Disclosure Statement by filing it with the Clerk of the Court via electronic means on August 28, 2015.

2. I served Defendant's Rule 26(a) Disclosure Statement by filing it with the Clerk of the Court via electronic means, which electronic filing constitutes service by virtue of local Rule 5.9.

3. I made the electronic filing on August 28, 2015.


/s/   Edward J. Sedlacek
Attorney for Defendant